David F. McPherson (SBN 175171)
dmcpherson@watttieder.com
Daniel H. Butler (SBN 337405)
dbutler@watttieder.com
Watt, Tieder, Hoffar & Fitzgerald, L.L.P.
4 Park Plaza, Suite 1000
Irvine, California 92614
Telephone: 949-852-6700

Attorneys for Defendants
SWINERTON BUILDERS; FIDELITY AND DEPOSIT COMPANY OF MARYLAND; LIBERTY MUTUAL INSURANCE COMPANY; and ZURICH AMERICAN INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of T.B. PENICK & SONS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SWINERTON BUILDERS, a California corporation; FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation; ZURICH AMERICAN INSURANCE COMPANY, a New York corporation; LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation ,<br><br>Defendants. | Case No. 4:23-cv-03019-KAW<br><br>**DEFENDANT SWINERTON BUILDERS' ANSWER TO PLAINTIFF'S COMPLAINT AND CROSS-CLAIM**<br><br>Judge: Kandis A. Westmore |

Defendants SWINERTON BUILDERS ("Defendant" or "Swinerton") in response to the complaint ("the Complaint") of Plaintiff UNITED STATES OF AMERICA, for the use and benefit of T.B. PENICK & SONS, INC., ("Plaintiff"), admits, denies, and alleges as follows:

/ / /

/ / /

## GENERAL ALLEGATIONS

1. Defendant admits the allegations of paragraph 1 of the Complaint.

2. Defendant admits the allegations of paragraph 2 of the Complaint.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4. Defendant admits the allegations of paragraph 4 of the Complaint.

5. Defendant, upon information and belief, admits the allegations of paragraph 5 of the Complaint.

6. Defendant, upon information and belief, admits the allegations of paragraph 6 of the Complaint.

7. Defendant, upon information and belief, admits the allegations of paragraph 7 of the Complaint.

8. Defendant, upon information and belief, admits the allegations of paragraph 8 of the Complaint.

9. Defendant admits that "Fidelity, Zurich and Liberty, as sureties (collectively also referred to as "Sureties"), executed and delivered a payment bond, Bond No. 9236729/070-023-956." Defendant denies the remaining allegations of paragraph 9 of the Complaint.

10. Defendant admits that it "entered into a Master Subcontract Agreement with Penick." Defendant denies the allegations of paragraph 10 of the Complaint and defers to the terms of the contractual agreement referred to therein.

11. Defendant admits that it "entered into a Work Order for the Presidio Parklands project." Defendant denies the allegations of paragraph 11 of the Complaint and defers to the terms of the contractual agreement referred to therein.

12. Defendant denies the allegations of paragraph 12 as phrased but admits that the contract price, "for full, complete, and timely performance of the work" as detailed in the agreement, was in the amount of $10,607,198.00.

13. Defendant denies the allegations of paragraph 13 as phrased but admits

that certain additional work orders were submitted to Plaintiff in connection to the project.

14. Defendant denies the allegations of paragraph 14 of the Complaint and defers to the terms of the contract agreements between the parties.

15. Defendant denies the allegations of paragraph 15 of the Complaint.

16. Defendant denies the allegations of paragraph 16 of the Complaint.

17. Defendant denies the allegations of paragraph 17 of the Complaint.

18. Answering paragraph 18 of the Complaint, Defendant repeats and realleges its responses to paragraphs 1 through 17 of the Complaint.

19. Defendant denies the allegations of paragraph 19 of the Complaint and defers to the terms of surety bonds issued for this project.

20. Defendant denies the allegations of paragraph 20 of the Complaint.

21. Defendant denies the allegations of paragraph 21 of the Complaint.

22. Defendant denies the allegations of paragraph 22 of the Complaint.

23. Defendant admits the allegations of paragraph 23 of the Complaint.

24. The allegations contained in paragraph 24 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 24 of the Complaint.

25. Defendant denies the allegations of paragraph 25 of the Complaint.

26. Defendant denies the allegations of paragraph 26 of the Complaint.

27. Defendant denies the allegations of paragraph 27 of the Complaint.

28. Answering paragraph 28 of the Complaint, Defendant repeats and realleges its responses to paragraphs 1 through 27 of the Complaint.

29. Defendant denies the allegations of paragraph 29 of the Complaint.

30. Defendant denies the allegations of paragraph 30 of the Complaint.

31. Defendant denies the allegations of paragraph 31 of the Complaint.

32. Defendant denies the allegations of paragraph 32 of the Complaint.

/ / /

## AFFIRMATIVE DEFENSES

33. As separate and independent defenses, Defendant pleads the following affirmative defenses to the Complaint. Defendant reserves the right to assert additional affirmative defenses that discovery indicates are proper.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

34. Defendant is informed and believes and thereon alleges that the Complaint, and each purported cause of action therein contained, individually and collectively, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

**(Waiver)**

35. Defendant is informed and believes and thereon alleges that Plaintiff has waived any and all claims that they may have or have had against Defendant, or others, arising from the transactions and occurrences set forth in the complaint.

## THIRD AFFIRMATIVE DEFENSE

**(Estoppel)**

36. Defendant is informed and believes and thereon alleges that Plaintiff is estopped by its own conduct from asserting any and all claims it has or that it may have had against Defendant, or others, arising from the transactions and occurrences set forth in the complaint.

## FOURTH AFFIRMATIVE DEFENSE

**(Offset)**

37. Defendant is informed and believes and thereon alleges that the losses to Plaintiff, if any, were occasioned by and as a result of its failure to comply with the terms of the alleged agreement(s) with the principal, Defendant and/or others. As a result, Defendant is entitled to an offset as determined with respect to such failure against Defendant's liability, if any.

/ / /

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

38. Defendant is informed and believe and thereon allege that Plaintiff, under a duty to do so, failed to mitigate its alleged damages, if any.

**SIXTH AFFIRMATIVE DEFENSE**

**(Material Breach)**

39. Defendant is informed and believe and thereon allege that the material and substantial breaches of the agreement between Plaintiff, Defendant and/or others by Plaintiff have relieved Defendant of the purported obligations that Plaintiff alleges have not been satisfied.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Excused Performance)**

40. Defendant is informed and believe and thereon allege that any agreement, contract, or other obligation as alleged in the complaint was breached by Plaintiff's failure to fulfill its contractual and/or other responsibilities, and this failure has excused any obligation of performance or further performance on the part of Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Negligent Conduct)**

41. Defendant is informed and believe and thereon allege that Plaintiff's damages, if it has suffered any damage at all, were proximately caused and/or contributed to by the negligence and/or otherwise wrongful or unlawful conduct of Plaintiff and/or persons whose conduct is imputable to them, which precludes recovery by Plaintiff. Accordingly, Plaintiff is wholly and/or partially barred from the recovery alleged and prayed for in its complaint.

**NINTH AFFIRMATIVE DEFENSE**

**(Release)**

42. Defendant is informed and believe and thereon allege that Plaintiff's

conduct constitutes a release by Plaintiff of any and all claims it may have had against Defendant.

**TENTH AFFIRMATIVE DEFENSE**

**(Consent)**

43. Defendant is informed and believe and thereon allege that Plaintiff consented to the alleged actions, if any, which occurred, and is thereby barred from recovery.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Bond, Contract, Statute Conditions)**

44. Defendant is informed and believe and thereon allege that Plaintiff is barred from recovery as requisite conditions of the bonds, contract and statutes pursuant to which the bonds were written were not met. By reason of the foregoing, Plaintiff is barred from recovery on the bonds sued upon, herein.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

45. Defendant is informed and believe and thereon allege that Plaintiff is barred from recovery as the statute of limitations to file a claim has passed.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Bond Penalty)**

46. Defendant is informed and believe and thereon allege that any liability on the subject bonds is limited to the penal sum set forth in the bonds.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Secondary Liability)**

47. Defendant is informed and believe and thereon allege that, in the event Defendant is held liable to Plaintiff, which liability is expressly denied herein, then the liability of Defendant would be passive, imputed, or secondary, while other parties or third parties would be actively or primarily liable for Plaintiff's alleged injuries and damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Payment in Full)**

48. Plaintiff has been paid in full for the services and/or supplies that they rendered to the subject projects, if any.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Additional Unstated Defenses)**

49. Defendant is presently unaware whether they may have additional, as yet unstated defenses. Defendant hereby reserves all rights under the law to assert in the future additional affirmative defenses to the complaint as they become known to Defendant during the course of the litigation.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Laches)**

50. Defendant alleges that Plaintiff's Complaint is barred by laches.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

51. Defendant alleges that Plaintiff's claims are the subject of accord and satisfaction.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Prevented Performance)**

52. Defendant alleges that Plaintiff prevented performance of the previously-referenced contractual agreement(s) through Plaintiff's own actions and/or the actions of its other contractors or those that can be imputed to Plaintiff.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

53. Defendant alleges that Plaintiff's claims are barred by the doctrine of unclean hands.

/ / /

/ / /

## CROSS CLAIMS AGAINST PLAINTIFFS BY DEFENDANT SWINERTON

Pursuant to Fed. R. Civ. P. 13 , Defendant brings the following cross-claims against Plaintiff, and in support thereof, alleges as follows:

## JURISDICTION

54. This Court has ancillary jurisdiction over the cross-claims asserted herein pursuant to Fed. R. Civ. P. 13.

## FACTS

55. On or about July 11, 2019, Defendant and Plaintiff entered into a Master Subcontract Agreement ("MSA") or ("Agreement") pertaining to certain work at a project located at the Presidio Parklands, 103 Montgomery Street, San Francisco, CA 94129 ("the Project").

56. Plaintiff has proved incapable of managing the job and was not able to meet contractual timelines for certain portions of work.

57. Plaintiff's inability to manage the job in an effective manner has resulted in Defendant's incursion of damages associated with multiple delay periods and additional quality control services, necessitated due entirely to Plaintiff's untimely and poor performance of the work on the Project.

## Change Order Request(s) ("COR")

58. Plaintiff has submitted the following disputed Change Order Requests ("COR"), which have not been resolved, totaling $1,554,510:

COR #66, labeled "QAQC Impact," in the amount of $300,000;

COR #60, labeled "B215 Transit Center Impact," in the amount of $239,063;

COR #62, labeled "B601 and B602 Impact," in the amount of $212,985;

COR #74, labeled "Smile and Embankment Path at Outpost – Impact," in the amount of $171,404;

COR #9, labeled "ASI 36 Western Overlook, reform regrade, shotcrete fill," in the amount of $95,092;

COR #37, labeled "Additional Batch Plant Mock unresolved in the amount of $72,018;

COR #36, labeled "Remove and Replace Viewing Wall 11," in the amount of $70,623

COR #67, labeled "CP-1-B Footing Redo," in the amount of $67,224;

COR #65, labeled "CP-1-D Wall & Footing Redo," in the amount of $52,419;

COR #90, labeled "B215 Repour Concrete Pads," in the amount of $41,369;

COR #64, labeled "CP-1-C Footing Redo," in the amount of $34,536;

COR #96, labeled "B210 Visitor Center West Stair and Landing Driveway," in the amount of $31,851;

COR #35, labeled "Western Overlook Flatwork Replacement," in the amount of $30,000;

COR #93, labeled "Replacement of Panels at Gate 3," in the amount of $25,835;

COR #56, labeled "Central Overlook Stairs," in the amount of $20,409;

COR #58, labeled "Halleck stair Reinstallation," in the amount of $13,323;

COR #84, labeled "Embankment Path Reform," in the amount of $12,227;

COR #95, labeled "Replacement of Curb at Anza," in the amount of $10,114;

COR #44, labeled "ASI #63," in the amount of $10,091;

COR #29, labeled "Block Outs for B215," in the amount of $9,730;

COR #80, labeled "Landavazo: Access Aisle Curb Modification," in the amount of $7,666;

COR #79, labeled "Landavazo: Basin adjustment," in the amount of $6,619;

COR #69, labeled "CP-1-G Seat Wall Redo," in the amount of $6,363;

COR #57, labeled "Central overlook embedment delay," in the amount of $5,619;

COR #72, labeled "Move Donor Signage," in the amount of $2,942;

COR #100, labeled "RFI 1647 [SB 1445] Graham St bus curb & existing sidewalk Solution Confirmation," in the amount of $2,869;

COR #42, labeled "Drinking Fountain," in the amount of $2,019; and

COR #77, labeled "Survey issue at curb/gutter/sidewalk at Graham – Landavazo," at an amount to be determined.

59. Plaintiff has not submitted any other Change Order Requests which are in dispute.

**<u>Back Charges</u>**

60. Defendant has multiple back charges pertaining to Plaintiff which fall into multiple subcategories.

61. Defendant has issued back charges to Plaintiff concerning additional cost incursions.

62. The cost incursions, which are a result of Plaintiff's faulty work on the project, include, but are not limited to, additional supervision, extended general conditions and general requirements, additional overtime work, site survey(s), design changes, and inspection costs.

63. Defendant has also issued back charges to Plaintiff sounding in physical damages.

64. Physical damages, which are a result of Plaintiff's faulty work on the project, include, but are not limited to, damages concerning concrete work, the wood deck, and other work.

65. Defendant has issued additional back charges to Plaintiff sounding in problems with the quality of Plaintiff's work.

66. Quality issues pertaining to Plaintiff's faulty work on the project, include, but are not limited to, the incorrect placement of a wall, demolition work, and quality control work needed as a result of Plaintiff's poor quality of work.

67. Defendant's back charges to Plaintiff total $1,494,089.

68. Defendant discussed and notified Plaintiff of the outstanding back

charges on March 13, 2023, April 13, 2023, and again on June 13, 2023.

69. To date, Defendant has not been compensated or reimbursed in any amount in connection to any of the back charges owed to Defendant by Plaintiff.

**FIRST CROSS-CLAIM – BREACH OF CONTRACT**

70. Defendant re-alleges and incorporate herein by reference the allegations contained in paragraphs 54 through 69 of its Cross-Complaint above as fully set forth herein.

71. The terms of the MSA entered into between Plaintiff and Defendant require Plaintiff to perform all Work detailed in the MSA in a manner that comports with the terms of agreement, and specifically, in a manner that is to the satisfaction of Defendant.

72. The MSA also requires Plaintiff to complete the work in a timely manner.

73. Plaintiff failed to perform all of the work under the MSA in a timely manner and also failed to perform all of the work in a workmanlike manner that is satisfactory to Defendant, or in a manner that is consistent with industry standards.

74. Plaintiff also failed to timely notify Defendant of its schedule delays and damages.

75. Defendant's failure to perform work that adheres to the quality of the work outlined in the MSA and/or in a manner that is deemed timely under the MSA separately and independently constitutes a breach of the MSA.

76. As a direct and proximate result of Plaintiff's breach of the MSA, Defendants have suffered damage in an amount to be determined at trial, but in any event no less than $1,494,089, which is the sum Defendant seeks, and may be awarded, together with interest, costs, attorneys' fees, and such other general relief as the Court may deem proper.

/ / /

/ / /

## SECOND CROSS-CLAIM - NEGLIGENCE

77. Defendants re-allege and incorporate herein by reference the allegations contained in paragraphs 54 through 76 of its Cross-Complaint above as fully set forth herein.

78. Plaintiff's performance of work under the MSA did not adhere to industry standards.

79. Plaintiff's performance of work under the MSA was delayed, on multiple occasions.

80. Plaintiff owed a duty of care to Defendant to complete the work under the MSA in a manner that is consistent with industry standards, in a manner that is satisfactory to Defendant, and in a timely manner.

81. Plaintiff breached this duty by performing deficient work, which did not meet industry standards, in an untimely manner.

82. Plaintiff's breach of the standard of care is the actual and proximate cause of damages to Defendant in an amount to be determined at trial, but in any event no less than $1,494,089, which is the sum Defendant seeks, and may be awarded, together with interest, costs, attorneys' fees, and such other general relief as the Court may deem proper.

## THIRD CROSS-CLAIM – UNJUST ENRICHMENT

83. Defendants re-allege and incorporate herein by reference the allegations contained in paragraphs 54 through 82 of its Cross-Complaint above as fully set forth herein.

84. Plaintiff brings the instant lawsuit seeking $2,424,485.02 in damages, but has not performed work commensurate with the sum claimed.

85. Plaintiff's performance of deficient work and numerous delays associated with this work has damaged Defendant in an amount to be determined at trial, but in any event no less than $1,494,089.

/ / /

86. Defendant seeks to unjustly profit at Plaintiff's expense, without regard to the back charges that Plaintiff discussed with Defendant on April 13, 2023 and again on June 13, 2023.

87. Said enrichment to Plaintiff would be unjust in nature.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff's complaint be dismissed with prejudice;
2. That this matter be tried by a jury;
3. That Plaintiff takes nothing by way of its complaint;
4. For attorneys' fees and costs of suit incurred herein; and
5. For such other and further relief as the Court may deem just and proper.

Defendant further prays:

1. As to the First Cross-Claim, for judgment against Plaintiff for money damages of at least $1,494,089, with the precise amount to be determined at trial, plus interest, reasonable costs and attorneys' fees, as allowed by law;
2. As to the Second Cross-Claim, for judgment against Plaintiff for money damages of at least $1,494,089, with the precise amount to be determined at trial, plus interest, reasonable costs and attorneys' fees, as allowed by law;
3. As to Third Cross-Claim, for judgment against Plaintiff for money damages of at least $1,494,089, with the precise amount to be determined at trial, plus interest, reasonable costs and attorneys' fees, as allowed by law;
4. For attorney fees and costs of suit incurred herein; and
5. For such other and further relief as the Court may deem just and proper.

Dated: August 25, 2023

Watt, Tieder, Hoffar & Fitzgerald, L.L.P.

By: [signature]

David F. McPherson
Daniel H. Butler
Attorneys for Defendants
SWINERTON BUILDERS; FIDELITY AND DEPOSIT COMPANY OF MARYLAND; LIBERTY MUTUAL INSURANCE COMPANY; and ZURICH AMERICAN INSURANCE COMPANY

20047019.1 103414.00021