DAVIDE GOLIA (SBN 118464)
dave@golialaw.com
CONOR M. DALE (SBN 324450)
conor@golialaw.com
**GOLIA LAW GROUP, APC**
11440 WEST BERNARDO COURT, SUITE 300
SAN DIEGO, CALIFORNIA 92127
Telephone: (619) 738-1870

Attorneys for Plaintiff United States of America for the use and benefit of T.B. Penick & Sons, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of T.B. PENICK & SONS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SWINERTON BUILDERS, a California corporation;<br>FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation;<br>ZURICH AMERICAN INSURANCE COMPANY, a New York corporation;<br>LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation,<br><br>Defendants. | CASE NO: 4-23-CV-03019-KAW<br><br>**PLAINTIFF UNITED STATES OF AMERICA f/u/b/o T.B. PENICK & SONS, INC.'s ANSWER TO SWINERTON BUILDERS' CROSS-CLAIM** |
| AND ALL RELATED CROSS-CLAIMS | |

Plaintiff UNITED STATES OF AMERICA, for the use and benefit of T.B. PENICK & SONS, INC. ("Plaintiff"), in response to the crossclaim ("the Cross-Claim") of Defendant SWINERTON BUILDERS ("Defendant" or "Swinerton") admits, denies, and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff admits the allegations of paragraph 54 of the Cross-Claim.

2. Plaintiff admits the allegations of paragraph 55 of the Cross-Claim.

3. Plaintiff denies the allegations of paragraph 56 of the Cross-Claim.

4. Plaintiff denies the allegations of paragraph 57 of the Cross-Claim.

5. Plaintiff admits the allegations of paragraph 58 of the Cross-Claim.

6. Plaintiff denies the allegations of paragraph 59 of the Cross-Claim.

7. Plaintiff denies the allegations of paragraph 60 of the Cross-Claim.

8. Plaintiff denies the allegations of paragraph 61 of the Cross-Claim.

9. Plaintiff denies the allegations of paragraph 62 of the Cross-Claim.

10. Plaintiff denies the allegations of paragraph 63 of the Cross-Claim.

11. Plaintiff denies the allegations of paragraph 64 of the Cross-Claim.

12. Plaintiff denies the allegations of paragraph 65 of the Cross-Claim.

13. Plaintiff denies the allegations of paragraph 66 of the Cross-Claim.

14. Plaintiff denies the allegations of paragraph 67 of the Cross-Claim.

15. Plaintiff denies the allegations of paragraph 68 of the Cross-Claim.

16. Plaintiff denies the allegations of paragraph 69 of the Cross-Claim.

17. Answering paragraph 70 of the Cross-Claim, Plaintiff repeats and realleges its responses to paragraphs 54 through 69 of the Cross-Claim.

18. Plaintiff admits the allegations of paragraph 71 of the Cross-Claim.

19. Plaintiff admits the allegations of paragraph 72 of the Cross-Claim.

20. Plaintiff denies the allegations of paragraph 73 of the Cross-Claim.

21. Plaintiff denies the allegations of paragraph 74 of the Cross-Claim.

22. Plaintiff denies the allegations of paragraph 75 of the Cross-Claim.

23. Plaintiff denies the allegations of paragraph 76 of the Cross-Claim.

24. Answering paragraph 77 of the Cross-Claim, Plaintiff repeats and realleges its responses to paragraphs 54 through 76 of the Cross-Claim.

25. Plaintiff denies the allegations of paragraph 78 of the Cross-Claim.

26. Plaintiff denies the allegations of paragraph 79 of the Cross-Claim.

27. Plaintiff admits the allegations of paragraph 80 of the Cross-Claim.

28. Plaintiff denies the allegations of paragraph 81 of the Cross-Claim.

29. Plaintiff denies the allegations of paragraph 82 of the Cross-Claim.

30. Answering paragraph 83 of the Cross-Claim, Plaintiff repeats and realleges its responses to paragraphs 54 through 82 of the Cross-Claim.

31. Plaintiff denies the allegations of paragraph 84 of the Cross-Claim.

32. Plaintiff denies the allegations of paragraph 85 of the Cross-Claim.

33. Plaintiff denies the allegations of paragraph 86 of the Cross-Claim.

34. Plaintiff denies the allegations of paragraph 87 of the Cross-Claim.

## AFFIRMATIVE DEFENSES

35. As separate and independent defenses, Plaintiff pleads the following affirmative defenses to the Cross-Claim. Plaintiff reserves the right to assert additional affirmative defenses that discovery indicates are proper.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

36. Plaintiff is informed and believes, and thereon alleges, that the Cross-Claim, and each purported cause of action therein contained, individually and collectively, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Waiver)**

37. Plaintiff is informed and believes, and thereon alleges, that Swinerton has waived any and all claims that they may have or have had against Plaintiff, or others, arising from the transactions and occurrences set forth in the Cross-Claim.

### THIRD AFFIRMATIVE DEFENSE

**(Estoppel)**

38. Plaintiff is informed and believes, and thereon alleges, that Swinerton is estopped by its own conduct from asserting any and all claims it has or that it may have had

against Plaintiff, or others, arising from the transactions and occurrences set forth in the Cross-Claim.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

39. Plaintiff is informed and believes and thereon alleges that Defendant, under a duty to do so, failed to mitigate its alleged damages, if any.

**FIFTH AFFIRMATIVE DEFENSE**

**(Material Breach)**

40. Plaintiff is informed and believes and thereon alleges that the material and substantial breaches of the agreement between Plaintiff, Defendant and/or others by Defendant have relieved Plaintiff of the purported obligations that Defendant alleges have not been satisfied.

**SIXTH AFFIRMATIVE DEFENSE**

**(Excused Performance)**

41. Plaintiff is informed and believes and thereon alleges that any agreement, contract, or other obligation as alleged in the complaint was breached by Defendant's failure to fulfill its contractual and/or other responsibilities, and this failure has excused any obligation of performance or further performance on the part of Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Negligent Conduct)**

42. Plaintiff is informed and believes and thereon alleges that Defendant's damages, if it has suffered any damage at all, were proximately caused and/or contributed to by the negligence and/or otherwise wrongful or unlawful conduct of Defendant and/or persons whose conduct is imputable to them, which precludes recovery by Defendant. Accordingly, Defendant is wholly and/or partially barred from the recovery alleged and prayed for in its Cross-Claim.

/ / / / /

/ / / / /

**EIGHTH AFFIRMATIVE DEFENSE**

**(Release)**

43. Plaintiff is informed and believes and thereon alleges that Defendant's conduct constitutes a release by Defendant of any and all claims it may have had against Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

**(Consent)**

44. Plaintiff is informed and believes and thereon alleges that Defendant consented to the alleged actions, if any, which occurred, and is thereby barred from recovery.

**TENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

45. Plaintiff is informed and believes and thereon alleges that Defendant is barred from recovery as the statute of limitations to file a claim has passed.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Laches)**

46. Plaintiff alleges that Defendant's Cross-Claim is barred by laches.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Prevented Performance)**

47. Plaintiff alleges that Defendant prevented performance of the previously-referenced contractual agreement(s) through Defendant's own actions and/or the actions of its other contractors or those that can be imputed to Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

48. Plaintiff alleges that Defendant's claims are barred by the doctrine of unclean hands.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Additional Unstated Defenses)**

49. Plaintiff is presently unaware whether they may have additional, as yet unstated defenses. Plaintiff hereby reserves all rights under the law to assert in the future additional

affirmative defenses to the complaint as they become known to Plaintiff during the course of the litigation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. That Defendant's Cross-Claim be dismissed with prejudice;
2. That Defendant takes nothing by way of its Cross-Claim;
3. For such other and further relief as the Court may deem just and proper.

DATED: September 15, 2023

Respectfully submitted,

GOLIA LAW GROUP, APC

By: *\/s/ Davide Golia*
DAVIDE GOLIA
CONOR M. DALE
Attorneys for Plaintiff United States of America for the use and benefit of T.B. Penick & Sons, Inc.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 15, 2023, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system. The CM/ECF system sent a "Notice of Electronic Filing" to all attorneys or parties of record who have consented in writing to accept this Notice as service of documents by electronic means.

*\/s/ Davide Golia*
DAVIDE GOLIA